## THE STATE *v.* COTTON.

The place where a crime is alleged to have been committed must be set forth in the indictment in such manner as to shew that the court have jurisdiction of the offence. It must also be stated with such certainty that the respondent may be fully informed of the charge in this respect, as well as others; and with such distinctness, that the judgment rendered upon the indictment may be pleaded in bar to any second indictment for the same offence. When also the place is matter of essential description, it must be particularly and truly stated, and proved as stated.

The words, *then and there,* in an indictment, are words of reference, and where time and place have once been stated with certainty, it is sufficient to refer to them afterwards by these words.

The State v. Cotton.

After verdict, or a plea of guilty, a motion in arrest of judgment will not be granted for the want of a sufficient allegation of place in the indictment, when a place has been named therein, and the words *then and there* can properly be connected therewith, as showing the place where the offence was committed.

Where the grand jury found an indictment against one C., and the bill stated the town and county of his residence, which was within the jurisdiction of the court, and afterwards alleged that he *then and there* did steal, take and carry away, without any special designation of place where the offence was committed—*held*, that after verdict, or a plea of guilty, the indictment was sufficient to render judgment upon, and that a motion in arrest should be denied.

A motion to withdraw the plea of guilty is within the discretion of the common pleas to grant if they see fit, even after a motion in arrest of judgment has been overruled.

INDICTMENT for larceny.

The respondent having pleaded guilty, moved in arrest of judgment, because no place is set forth in the indictment where the alleged offence was committed. He also moved that if judgment should not be arrested, that he be permitted to withdraw his plea of guilty.

The indictment was substantially as follows:

"*State of New Hampshire, Carroll ss.*

At the court of common pleas, holden at Ossipee, within and for the county of Carroll aforesaid, on the first Tuesday in November, in the year of our Lord one thousand eight hundred and fifty-one: the jurors for the State of New Hampshire upon their oath present, that John Cotton, of Moultonborough, in the county of Carroll, yeoman, on the seventeenth day of October, in the year of our Lord one thousand eight hundred and fifty one, did feloniously steal, take and carry away fifty-four bank bills, (particularly describing them,) the moneys, goods and chattels of one Ira Canney, then and there being found, then and there feloniously did steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State." The indictment was duly signed and certified.

*Emerson,* county solicitor, for the State.

The venue in the margin should be in the county where the offence is committed. *Arch. Cr. Pld.* 18 ; and as to the addition of place, the best rule is to state where the prisoner committed the offence ; *Whar. Prec. In.* 8. But where the indictment charged the respondent, late of B., county of ——, at the county aforesaid, it was held sufficient. *Whar. Prec. In.* 43.

When, by the indictment or information, the court appear to have jurisdiction, no objection can be taken by motion in arrest of judgment, or by writ of error for want of a proper venue. *Arch. Crim. Plead.* 27.

In the case at bar, the county in the margin is right; the residence is right, and there is no other county or town named than the place where the offence was committed. " Then and there being found," " then and there feloniously," &c., can only refer to Moultonborough, in the county of Carroll, and the offence is brought within the jurisdiction of the court.

*Eastman,* for the respondent.

EASTMAN, J. In drawing this indictment, it appears that the usual course of stating the place where the offence was committed, after having stated the time, was accidentally omitted. The words at " Moultonborough aforesaid, in the county aforesaid," should, according to the usual forms, have been inserted after the words " fifty one." But they were omitted, and the question arises whether the omission is fatal to the indictment.

The place where a crime is alleged to have been committed must be stated in such manner as to show that the court have jurisdiction of the offence. It must also be stated with such certainty that the respondent may be fully informed of the charge in this respect, as well as others ; and with such distinctness that the judgment rendered upon the indictment may be pleaded in bar to any second indictment for the same offence. When, also, the place is matter of essential description, it must be particularly and truly stated, and proved as stated.

The indictment charges that " John Cotton, of Moultonbo-

rough, in the county of Carroll, on the 17th day of October, 1851, did feloniously steal, take and carry away, a quantity of bank bills ; the money, goods and chattels of one Ira Canney, *then and there* being found, *then and there* did feloniously steal, take and carry away."

The venue in the margin is correctly laid, and the respondent's residence is stated to be within the jurisdiction of the court. Had any place been more specifically pointed out as the one where the offence was committed, according to the usual forms and practice it would have been done by stating it to have been " at Moultonborough aforesaid, in the county aforesaid," referring to what had been alleged as the residence of the respondent. This usual link between the place of residence and the allegation *then and there* did steal, take and carry away, having been omitted, can the phrase, *then and there,* be sufficient without it ?

The words *then and there*, as used in an indictment, are words of reference ; and when time and place have once been named with certainty, it is sufficient to refer to them afterwards by these words ; and they will have the same effect as if the time and place were actually repeated. *Whar. Crim. Law*, 74. These words also refer to the time and place last specified, unless there be some phrase connected therewith which shows that a different reference is intended. In this indictment we think they are properly referable to " Moultonborough, in the county of Carrol," the alleged place of the respondent's residence ; and that it is not a strained construction to hold, after verdict or a plea of guilty, that by this reference the place where the offence was committed is sufficiently described. The omission might have been bad on special demurrer ; but that is not the question before us, and no opinion in regard to it need be given.

The motion to withdraw the plea in case judgment should not be arrested, is rather novel. It is, however, one to be addressed to the discretion of the common pleas, and is proper for their consideration, and the consideration of the prosecuting officers.

*Motion in arrest of judgment overruled.*